**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

THOMAS EMORY STEGALL,

    Plaintiff,

v.                                        CV 10-1262 RB/WPL

BERNALILLO COUNTY
METROPOLITAN DETENTION
CENTER, et al.,

    Defendants.

**ORDER DENYING MOTION FOR ORDER**

Plaintiff Thomas Emory Stegall has filed a motion requesting that the Court order that he be placed in a facility other than Bernalillo County Metropolitan Detention Center ('BCMDC') upon his release from the New Mexico Department of Corrections. (Doc. 12.) Stegall is incarcerated, is proceeding *pro se*, and has applied to proceed *in forma pauperis*. In this civil rights action, Stegall alleges violations of Due Process, Eighth Amendment and Fourteenth Amendment rights. (Doc. 1.) He further claims that he has been subjected to retaliation by BCMDC officers and officials on the bases that his grievances have been denied and money sent to him was not placed in his account. (*Id.* at 10-11.) Stegall has filed multiple motions to amend and a letter (Docs. 4-6, 10-11), several of which discuss further "retaliation" of a similar sort as well as the opening of his legal mail. (Docs. 4, 6, 11.)

Stegall alleges that he is "in jeapordy [sic]," that he fears for his safety, and that he fears "retaliation cause [sic] of my present above case." (Doc. 12 at 1.) He states that he has pending charges in Bernalillo County and reiterates his allegation that he fears for his safety if he is returned

to the custody of BCMDC. (*Id.*) Thus, he requests that the Court order his placement in a different facility.

However, state and federal prisoners "generally enjoy no constitutional right to placement in any particular penal institution." *Prows v. Fed. Bureau of Prisons*, 981 F.2d 466, 468 n. 3 (10th Cir. 1992) (citing *Olim v. Wakinekona*, 461 U.S. 238, 244-48 (1983); *Meachum v. Fano*, 427 U.S. 215, 225-28 (1976); *Brown-Bey v. United States*, 720 F.2d 467, 470 (7th Cir. 1983)). One requisite to obtaining a preliminary injunction or temporary restraining order is that a party must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will occur without the court's intervention. *See* FED. R. CIV. P. 65; *Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). Furthermore, because a court order regarding an inmate's placement affects the administration of penal institutions, a court should only intervene in rare circumstances, such as where undisputed evidence demonstrates that continued confinement in a specific institution will subject an inmate to an unusually high risk of physical danger. *See Walker v. Lockhart*, 713 F.2d 1378, 1383 (8th Cir. 1983).

Stegall has presented no evidence demonstrating any irreparable injury or threat to his physical safety. Accordingly, his motion is denied.

IT IS SO ORDERED.

*William P. Lynch*
William P. Lynch
United States Magistrate Judge