**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

THOMAS EMORY STEGALL,

      Plaintiff,

v.                                                                                                                            No. CV 10-1262 RB/WPL

BERNALILLO COUNTY METROPOLITAN
DETENTION CENTER,
DEPUTY CHIEF RON TORREZ,
DEPUTY CHIEF TOMMY TRUJILLO,
KATE ALDRICH (ACCOUNTING),
C/O FNU DELA PENA,
C/O FNU KIMBERLING,
CHARICE COOK (ADMINISTRATION),
MATT ELWELL (OPERATIONS),
SGT FNU CHAMBERS,
SGT FNU GALLARDO,
SGT FNU MOSLEY,
SGT FNU GARCIA,
LT FNU STANLY,
CAPT FNU CANDELARIA,
GRIEVANCE OFFICER PAULEEN ACHOA,
DARYL RICE (PROBATION/PAROLE),
GEORGE VALDEZ,
DOCTOR SHERYL BAKEWELL,

      Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

      This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's complaint. Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis ("IFP") (Doc. 2). Also before the Court are Plaintiff's four motions to amend (Docs. 4, 5, 10, 11). The filing fee for this civil rights complaint is $350.00. Under § 1915(b)(1), (2), Plaintiff must pay the full amount of the filing fee in installments. Based on the information in Plaintiff's filings, the Court will grant Plaintiff leave to proceed IFP and waive

the initial partial payment pursuant to § 1915(b)(1).  For the reasons below, the Court will dismiss certain of Plaintiff's claims.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted."  The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff has filed four motions to amend his complaint.  At this stage of the litigation, Plaintiff may amend his claims once without leave of the Court, *see* Fed. R. Civ. P. 15(a)(1), and thus the first motion to amend (Doc. 4) will be denied as moot.  Plaintiff's second, third, and fourth motions to amend (Docs. 5, 10, 11) require leave of the Court.  *See* Fed. R. Civ. P. 15(a)(2).  The second and third motions (Docs. 5, 10) seek to add more Defendants but make no allegations against them.  These motions will be denied.  The fourth motion (Doc. 11) merely alleges additional post-complaint instances of the conduct underlying Plaintiff's complaint.  Under the rule against "shotgun" pleadings, *see Glenn v. First Nat'l Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989); *and see Arena Land & Inv. Co., Inc. v. Petty,* No. 94-4196, 1995 WL 645678, at *2 (10th Cir. 1995), this motion also will be denied.  The original complaint and the factual allegations in the first

motion to amend (Doc. 4) constitute the complaint in this action.

Plaintiff's complaint names a large number of Defendants and asserts three claims of constitutional violations at the Bernalillo County, New Mexico, Metropolitan Detention Center. In sum, Plaintiff alleges that various Defendants retaliated against and failed to credit his inmate account for funds received; denied him necessary medical treatment, visitation, and "legal property access"; and improperly denied his grievances. He contends that these actions violated his rights under the First, Eighth, and Fourteenth Amendments. The complaint seeks injunctive relief and damages.

For the same reason that the Court denies Plaintiff's fourth motion to amend, the complaint's allegations fail to state claims for relief against most of the named Defendants. The complaint lists the violations alleged above and describes Plaintiff's efforts to pursue remedies for the various deprivations. However, except for the alleged denials of his grievances, *see Merryfield v. Jordan*, No. 11-3054, 2011 WL 3154214, at *6 (10th Cir. July 27, 2011) ("plaintiff's allegations do not state a deprivation of federal law, as there is no federal constitutional right to an institutional grievance procedure"), the only allegations against individual Defendants are that Plaintiff was informed that his requests had been denied by Defendants Torrez and Trujillo, Compl. 8, and that Lt. Stanly denied him access to his legal materials, *id.* at 11. Neither the complaint nor the first motion to amend contains allegations against the other Defendants affirmatively linking them to the various violations. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). The Court is not required "to construct a cause of action from allegations," *see Glenn v. First Nat'l Bank in Grand Junction*, 868 F.2d at 372, and will dismiss Plaintiff's claims against named Defendants other than Torrez, Trujillo, and Stanly.

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to proceed in forma

pauperis (Doc. 4) is GRANTED, and the initial partial payment is WAIVED;

IT IS FURTHER ORDERED that Plaintiff make monthly payments of twenty per cent (20%) of the preceding month's income credited to his account or show cause why he has no assets and no means by which to pay the designated filing fee, and the Clerk is directed to provide Plaintiff with two copies of the post-filing financial certificate;

IT IS FURTHER ORDERED that Plaintiff's motion to amend (Doc. 4) is DENIED as moot; his other motions to amend (Docs. 5, 10, 11) are DENIED;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendants Bernalillo County Metropolitan Detention Center, Kate Aldrich, Charice Cook, Matt Elwell, Dela Pena, FNU Kimberling, FNU Chambers, FNU Gallardo, FNU Mosley, FNU Garcia, FNU Candelaria, Pauleen Achoa, Daryl Rice, George Valdez, and Cheryl Bakewell are DISMISSED; and these Defendants are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with copies of the original complaint (Doc. 1), for Defendants Torrez, Trujillo, and Stanly.

_____
UNITED STATES DISTRICT JUDGE