**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

THOMAS EMORY STEGALL,

    Plaintiff,

v.                                                      CV 10-1262 RB/WPL

BERNALILLO COUNTY METROPOLITAN
DETENTION CENTER, et al.,

    Defendants.

**ORDER DENYING MOTIONS TO COMPEL**

Plaintiff has filed two motions to compel. (Docs. 52 & 53.) These motions assert that Plaintiff had not received the court-ordered *Martinez* report or the responses to his discovery requests, both of which had to be served on March 30, 2012. The certificates of service (Docs. 48 & 49), the *Martinez* report (Doc. 50), and the letters attached to Defendants' responses (Doc. 54 Ex. A; Doc. 57 Ex. A) indicate that the *Martinez* report and the responses to Plaintiff's discovery requests were sent by U.S. Mail to Plaintiff's listed address as of March 30, 2012. Plaintiff's reply evidences that he received these documents on April 6, 2012. (Doc. 58 at 2.)

With all things sent through the mail, receipt is not immediate; instead, it often takes a few working days before a letter or package will be received. The Federal Rules of Civil Procedure acknowledge this well-understood delay. Most relevant to the issue raised in these motions, the rule regulating service, Federal Rule of Civil Procedure 5, states that service may be made by mailing a paper to the person's last known address. FED. R. CIV. P. 5(b)(2)(C). When service is made in this manner, "service is complete upon mailing . . . ." *Id.*

In this case, then, Defendants were required to place their responses to Plaintiff's discovery

and their *Martinez* report in the mail on March 30, 2012, the last date for serving these documents. They did so. Service was timely, and Plaintiff's motions to compel lack merit. Accordingly, they are DENIED.

Plaintiff also requests sanctions, including the costs of this entire action.[1] (*See* Doc. 52 at 2; Doc. 53 at 2-3.) Because the motions to compel have been denied, Plaintiff's request for sanctions is also DENIED.

IT IS SO ORDERED.

_____
William P. Lynch
United States Magistrate Judge

---

[1] Requesting all costs throughout the case is inappropriate for a motion to compel. Even if Plaintiff's motion was meritorious, he would only be entitled to "reasonable expenses incurred in making the motion . . . ." FED. R. CIV. P. 37(a)(5)(A).

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.