IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**THOMAS EMORY STEGALL,**

    **Plaintiff,**

v.                                                                                   **CV 10-1262 RB/WPL**

**BERNALILLO COUNTY METROPOLITAN**
**DETENTION CENTER, et al.,**

    **Defendants.**

**ORDER ADOPTING IN PART AND AMENDING IN PART MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

This matter is before me on the Magistrate Judge's Proposed Findings and Recommended Disposition ("PFRD") (Doc. 67), Plaintiff Thomas Emory Stegall's objections thereto (Doc. 68), and the Defendants' response (Doc. 69). The PFRD concluded that Stegall failed to exhaust his administrative remedies and recommended that his claims be dismissed with prejudice. Stegall objects to this conclusion, asserting that he was only allowed to file one grievance. Having conducted a *de novo* review, I find the objection to be without merit.

As the Magistrate Judge explained, the Prisoner Litigation Reform Act ("PLRA") mandates that a prisoner exhaust all available administrative remedies prior to seeking relief from the courts. 42 U.S.C. § 1997e(a). A prisoner is only exempt from this requirement if no administrative remedies were available. *Tuckel v. Grover*, 660 F.3d 1249, 1252 (10th Cir. 2011) (quoting *Booth v. Churner*, 532 U.S. 731, 737 (2001)). Once a defendant demonstrates that a prisoner failed to avail himself of administrative remedies, the prisoner must prove with specificity that there is a disputed issue of fact as to whether administrative remedies were available to him. *Id.* at 1254. To do so, he must provide

more than "conclusory and self-serving affidavits . . . ." *Hesterlee v. Cornell Cos. Inc.*, 351 F. App'x 279, 281 (10th Cir. 2009) (unpublished) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991)).

Stegall does not dispute the fact that he did not file any grievances related to his claims. Instead, he asserts that he was not able to file grievances. The entirety of his sworn statements in support of this argument is as follows:

1) "I was not gieven [sic] proper treatment on recieving [sic] a grievance." (Doc. 68 at 1.)

2) "The only grievance I was allowed to file was for medical." (*Id.*)

3) "Grievance officer Pauleen Achoa 11/16/10 wrote in her book shed [sic] check on my request. 11/22/10 came by unit, but forgot book, notes." (Doc. 1 at 8, *also attached to* Doc. 68 as Ex. A.) He notes several other dates in late November and early December 2010 when Achoa "blew [him] off." (*Id.*)

Each of these assertions is conclusory, and none of them demonstrate that Stegall was denied access to the grievance process.[1] *See Lujan v. Nat'l Wildlife Federation*, 497 U.S. 871, 888-89 (1990) (holding that general averments and conclusory statements lack the specificity required to generate an issue of material fact). Consequently, Stegall fails to show the existence of a genuine factual dispute to defeat summary judgment.

Though Stegall did not object to the Magistrate Judge's recommendation of dismissal with prejudice, the Court finds that it is more appropriate to dismiss this case without prejudice. It is true that the time frame for Stegall to turn to administrative remedies has expired; however, that will be true in almost every lawsuit brought by a prisoner under 42 U.S.C. § 1983. Because dismissals for failure to exhaust must ordinarily be without prejudice, *Gallagher v. Shelton*, 587 F.3d 1063, 1068

---

[1] As the Defendants note, the Bernalillo County Metropolitan Detention Center had a policy in place that allowed inmates to file complaints against grievance officers. (Doc. 69 at 2-3 (citing Doc. 50 Ex. M at 28).) There is no evidence that Stegall complained about the alleged actions of the grievance officer. (Doc. 50 Ex. K; Doc. 69 at 3.)

(10th Cir. 2009) (citation omitted), this Court cannot apply a rule that would result in a dismissal with prejudice in most prisoner lawsuits.

IT IS THEREFORE ORDERED that:

1) the Magistrate Judge's Proposed Findings and Recommended Disposition are adopted by the Court, except as amended by this order;

2) the Defendants' Motion for Summary Judgment (Doc. 51) is granted; and

3) the Plaintiff's complaint is dismissed without prejudice.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**